**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 26-4035**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CODY ZANE STEVENSON,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  Thomas S. Kleeh, Chief District Judge.  (2:17-cr-00012-TSK-MJA-1)

———————

Submitted:  May 22, 2026                       Decided:  June 17, 2026

———————

Before QUATTLEBAUM and BERNER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:**  Hilary L. Godwin, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Bridgeport, West Virginia, for Appellant.  Stephen Donald Warner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Elkins, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cody Zane Stevenson appeals the district court's judgment revoking his supervised release and sentencing him to nine months in prison plus another 12 months of supervised release. On appeal, Stevenson's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Stevenson's nine-month sentence is reasonable. Stevenson has filed a pro se supplemental brief in which he argues that the revocation proceedings should have been dismissed, that his revocation sentence is substantively unreasonable, and that his release date for his original sentence was miscalculated and that he would not have been on supervised release at the time of his violations had his release date been correctly calculated. For the reasons stated below, we affirm.

Stevenson first argues the district court should have dismissed the revocation proceedings because Stevenson's counsel, the prosecutor, and the probation officer all moved to dismiss the proceedings. But the record reflects that only Stevenson's counsel moved to dismiss the revocation proceedings and that the district court denied that motion. Moreover, we discern no reversible error in the district court's decision to revoke Stevenson's supervised release given Stevenson's admission to eight violations of the conditions of his supervision. *See* 18 U.S.C. § 3583(e)(3) (stating when supervised release may be revoked); *United States v. George*, 95 F.4th 200, 208 (4th Cir. 2024) (explaining standard of review for district court's revocation decision).

Both Stevenson and his counsel challenge the reasonableness of his sentence. "A district court has broad discretion when imposing a sentence upon revocation of supervised

2

release." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). We "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* Before deciding "whether a revocation sentence is plainly unreasonable, [we] must first determine whether the sentence is procedurally or substantively unreasonable," *id.*, applying "the same procedural and substantive considerations that guide our review of original sentences," but taking "a more deferential appellate posture than we do when reviewing original sentences," *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (alteration and internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted); *see* 18 U.S.C. § 3583(e) (specifying applicable § 3553(a) factors). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the [district] court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted). "A sentence within the policy statement range is presumed reasonable." *Padgett*, 788 F.3d at 373 (internal quotation marks omitted).

"Only if we find a revocation sentence unreasonable do we consider whether it is plainly so, relying on the definition of plain used in our plain error analysis—that is, clear or obvious." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017) (alteration and

3

internal quotation marks omitted). "If a revocation sentence—even an unreasonable one—is not plainly unreasonable, we will affirm it." *Id.* (internal quotation marks omitted).

We discern no procedural unreasonableness in Stevenson's revocation sentence. The district court properly calculated Stevenson's advisory policy statement range of 6 to 12 months' imprisonment based on his Grade B violations and his criminal history category of II. *See* U.S. Sentencing Guidelines Manual § 7C1.5, p.s. (2025). The court heard arguments from counsel as to the appropriate sentence and offered Stevenson a chance to allocute. The court then explained its reasons for imposing the nine-month prison term, including to sanction Stevenson's repeated breaches of the court's trust and to deter Stevenson from engaging in additional criminal conduct, and also addressed Stevenson's arguments for a lower sentence.[1] *See* 18 U.S.C. § 3553(a)(2)(B); 18 U.S.C. § 3583(e); USSG ch. 7, pt. A(3)(b), p.s.

---

[1] Although the district court mentioned the need for the sentence imposed to instill respect for the law in Stevenson, and that factor is not listed in § 3583(e), we conclude that the district court's single mention of that factor does not require a vacatur of Stevenson's sentence. *See Esteras v. United States*, 606 U.S. 185, 195, 202-03 (2025) (holding that district court cannot consider factors listed in 18 U.S.C. § 3553(a)(2)(A), like promoting respect for law, at revocation sentencing, but emphasizing that plain error review applies if defendant does not object). The district court seems to have been referring to Stevenson's lack of respect for the law in relation to his supervised release violations, not his underlying offense, so we discern no error—let alone a clear or obvious one—under *Esteras*. *See id.* at 194-95 (explaining that a district court may not "account for the need to exact retribution for the defendant's underlying crime" when imposing a revocation sentence). Moreover, even if the district court plainly erred under *Esteras*, we would conclude that the error did not affect Stevenson's substantial rights given the court's single reference to the impermissible factor and the other valid reasons that the court provided for its chosen sentence. *See United States v. Wooten*, 167 F.4th 490, 495 (8th Cir. 2026) (holding that district court's single reference to need to promote respect for law in explaining revocation (Continued)

4

We are also satisfied that Stevenson has not rebutted the presumption of substantive reasonableness afforded to his nine-month sentence. Although Stevenson contends that the district court did not sufficiently weigh his evidence of rehabilitation, the court addressed that issue during the revocation hearing and appropriately found that a nine-month sentence was necessary given Stevenson's multiple violations. And while Stevenson suggests that the district court should have considered noncustodial options given that his violations were nonviolent, the court was certainly aware of the nature of Stevenson's violations and reasonably determined that a sentence of nine months was necessary to address those violations. Put succinctly, the district court did not abuse its "extremely broad discretion" in weighing these factors. *United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011).

Finally, Stevenson contends for the first time on appeal that his release date for his original sentence was miscalculated because he was not given certain sentence credits and that he would not have been on supervised release at the time of his violations had his release date been correctly calculated. Nothing in the record, however, supports Stevenson's contention or proves when Stevenson's supervised release date would have commenced if he had received the sentence credits. And the fact remains that Stevenson was on supervised release when he committed the violations that resulted in this revocation. Additionally, even if Stevenson served "excess prison time" for his original sentence, that

---

sentence did not affect defendant's substantial rights); *United States v. Hernandez*, 603 F.3d 267, 273 (4th Cir. 2010) (explaining substantial rights inquiry in sentencing context).

would not result in an automatic reduction of his term of supervised release. *United States v. Johnson*, 529 U.S. 53, 59 (2000).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal.[2]   Accordingly, we affirm the revocation judgment.  This court requires that counsel inform Stevenson, in writing, of the right to petition the Supreme Court of the United States for further review.  If Stevenson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Stevenson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] We acknowledge Stevenson's argument that an alleged error in his presentence report has affected his custody level and resulted in his incarceration in a more restrictive facility.  Stevenson did not seek to correct this alleged error in the district court nor has he represented that he notified the Federal Bureau of Prisons of this error. The Federal Bureau of Prisons is tasked with designating Stevenson's place of incarceration.  18 U.S.C. § 3621(b).  And there is no evidence that the district court relied on the alleged error in the presentence report in revoking Stevenson's supervised release or sentencing him.